Entered on Docket
October 06, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: October 06, 2009

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 09-41370 T
                                         Chapter 11
EL CERRITO LAND PARTNERS, LLC,

    Debtor-in-Possession.
_____/

**MEMORANDUM OF DECISION**

The above-captioned case came before the Court on October 5, 2009 on the Court's Order to Show Cause why the case should not be converted or dismissed, secured creditor Preferred Bank's motion for relief from the automatic stay, and the debtor's application to employ David Lonich ("Lonich") as bankruptcy counsel. Appearances were stated on the record. At the conclusion of the hearing, the Court took the matters under submission. Having now fully considered the facts of the case and the applicable law, the Court concludes that Preferred Bank should be granted relief from the automatic stay, that the debtor's application to employ Lonich should be denied, and that the case should be dismissed as a bad faith filing with a 120 day bar on refiling. The reasons for the Court's decision are set forth below.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

The above-captioned case was filed on February 24, 2009. The petition was signed by William Garlock ("Garlock") as President of the debtor. Schedule A schedules as the debtor's sole real property asset fee title to real property located in El Cerrito, California (the "Property"). Schedule D listed three secured creditors: (1) the Contra Costa tax collector with a claim of approximately $455,000, (2) a first deed of trust held by Preferred Bank with a claim of approximately $6,500,000, and (3) a second deed of trust held by Garlock Loan Fund LLC with a claim of approximately $2,800,000.

On April 15, 2009, some amended Schedules were filed. Schedule A was amended to indicate that, rather than owning fee title to the Property, the debtor held only an option to purchase the property. Schedule D was amended to list an additional secured creditor, MCD-RC CA-El Cerrito LLC ("Landlord"), with a claim of $18,000.

A status conference was conducted on April 28, 2009 at which Lonich appeared on behalf of the debtor. At that time, the Court set a deadline of August 26, 2009 for the debtor to file a plan and disclosure statement. An order to that effect was issued on April 29, 2009 (the "Scheduling Order"). At the status conference, the Court admonished Lonich concerning the debtor's failure to apply for approval of his employment. Lonich assured the Court that the application would be filed promptly. It was not.

On June 11, 2009, Preferred Bank filed a motion to deem the debtor a single asset real estate entity in accordance with 11 U.S.C. § 101(51B). The motion was served on the debtor with notice of the

2

opportunity to object and request a hearing. The debtor did not respond to the motion, and the motion was granted pursuant to an order entered on July 30, 2009.

On August 26, 2009, the debtor filed a plan and disclosure statement, requesting conditional approval of the disclosure statement in accordance with the Court's Scheduling Order. On August 31, 2009, having noted the debtor's failure to file an employment application as promised, the Court issued an order to show cause why the case should not be converted to chapter 7 or dismissed. The order to show cause was noticed for hearing on September 16, 2009. In the order, the Court noted that, as an entity, without counsel, the debtor was not qualified to appear in court. Thus, the case would have to be dismissed unless counsel's employment was approved.

On September 2, 2009, the Court issued a memorandum after reviewing the plan and disclosure statement. The Court found that the plan was fundamentally flawed and appeared to be filed in bad faith. The case was purportedly a single asset real estate case. In the plan, the debtor took the position that the bankruptcy filing stayed Preferred Bank's foreclosure. Yet, in the disclosure statement, the debtor admitted holding only an option to purchase title to the Property. The Court noted that the debtor's misrepresentations in the plan and disclosure statement would be taken into account at the hearing on the Court's order to show cause. In response to the order to show cause, the debtor filed a declaration by Lonich that the debtor actually held a 2% interest in

the Property as a tenant-in-common as well as an option to repurchase the interests of the other tenants-in-common.

In the mean time, on September 2, 2009, the debtor filed an application to employ Lonich as bankruptcy counsel. Lonich's declaration in support of the application stated that he had no connections with the debtor or with any party in interest except that he was--i.e., currently--providing legal services for Garlock & Company. The Office of the United States Trustee (the "UST") filed an objection to the employment application on various grounds, including that the relationship of Garlock & Company to the debtor was not adequately explained. At the hearing, the Landlord raised an oral objection on this ground which was later filed in written form.

At the conclusion of the hearing, the Court continued the hearing on the order to show cause and employment application to October 5, 2009. It directed the debtor to make one payment to Preferred Bank, to file an amended Schedule A, to file an amended employment application, and to provide evidence to the UST of the ownership of a 2% interest in the Property. Preferred Bank filed a motion for relief from stay which was set for a preliminary hearing on October 5, 2009, to be heard with the other two continued matters.

An amended employment application, together with an amended declaration by Lonich, was filed on September 18, 2009.[1] The amended

---

[1] The amended application continues to represent that the Property (not a 2% interest in the Property or an option to purchase the Property) is the sole tangible asset of the debtor. The application represented that Lonich's only connection with the debtor was that he represented--i.e., had in the past--Garlock & Company on an unrelated matter.

4

Lonich declaration stated that Lonich had--i.e, in the past--represented Garlock & Company in November 2008 by preparing a tenancy-in-common agreement and tenant lease for an office building in San Francisco, California. It asserted that Garlock & Company was managed by Garlock who was the president of the debtor. However, he asserted that Garlock & Company had no "membership, management or creditor interest" in the debtor.

At the October 5, 2009 hearing, the UST and Landlord continued to object to the employment application, most seriously on the ground of an apparent conflict. The Court noted that the plan listed Garlock & Company as holding the junior deed of trust on the Property which was clearly inconsistent with Lonich's representation in the amended declaration.[2]

In support of its motion for relief, Preferred Bank asserted that the plan was clearly in bad faith. It noted that the plan proposed to pay Preferred Bank nothing for a period of up to two years while it attempted to sell or refinance the Property. At the same time, the plan purported to give the debtor all the protections of a debtor-in-possession with none of its burdens.

**DISCUSSION**

Based on the foregoing, the Court concludes that the above-captioned case is a bad faith filing, that Preferred Bank's motion for relief from the automatic stay should be granted, and that the

---

[2]The Court notes that the plan also lists a creditor entitled Garlock Loan Fund as holding a deed of trust on the Property. This secured creditor has not even been scheduled.

5

case should be dismissed with a 120 day bar on refiling. The plan proposed would be unlikely to pass muster in any chapter 11 filing. However, in a single asset real estate case, it is clearly untenable.

Section 362(d)(3) provides that, in a single asset real estate case, the secured creditor is entitled to relief unless not later than 90 days after the entry of the order for relief or within 30 days of the court's determination that the case is a single asset real estate case, whichever occurs later, the debtor does one of two things. The debtor may prevent relief being granted by commencing payments equal to the nondefault contract interest rate on the claim up to the value of the real property. Alternatively, the debtor may prevent relief being granted by filing a plan that has a reasonable possibility of being confirmed within a reasonable time. The Court concludes that the plan filed by the debtor on August 26, 2009 does not have a reasonable possibility of being confirmed within a reasonable time.

As noted above, the case was established to be a single asset real estate case by the Court's July 30, 2009 order. The debtor did not commence making the required interest payment to Preferred Bank thereafter although it did make the one payment to Preferred Bank ordered by the Court on September 16, 2009. Instead, the debtor did file a plan. However, as noted by Preferred Bank, the plan was a plan in name only. In essence, it proposed that the debtor would have another two years to attempt to sell or refinance the Property without making any payments to Preferred Bank. This is clearly contrary to the spirit of § 362(d)(3) which was enacted to prevent

single asset real estate debtors from using chapter 11 for the purpose of delay in the hopes that the real estate market would improve.

Although the disposition of the case renders the issue Lonich's employment moot, the Court would be unwilling to approve his employment in any event based on the inconsistent and incomplete representations concerning Lonich's past and current representations of Garlock and his various entities and based on the connections of Garlock and those entities to the debtor.

## CONCLUSION

The motion of Preferred Bank for relief from the automatic stay will be granted. Counsel for Preferred Bank is directed to submit a proposed form of order to that effect. The Court will issue an order dismissing the case, effective immediately after entry of the order granting relief, with a 120 day bar on refiling.

END OF DOCUMENT

COURT SERVICE LIST

David J. Lonich
Law Offices of David J. Lonich
1600 Los Gamos Dr. #345
San Rafael, CA 94903

Kenneth N. Russak
Frandzel Robins Bloom & Csato, L.C.
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048-4920

Emily Charley
Hanson Bridgett
425 Market St., 26th Floor
San Francisco, CA 94105